929 So.2d 288 (2006)
Karen RAIFORD
v.
U.S. INDUSTRIES/AMES LAWN & GARDEN TOOLS, National Union Insurance Company, Rockery Ace Hardware and St. Paul Fire and Marine Insurance Company.
No. 2005-CA-0815.
Court of Appeal of Louisiana, Fourth Circuit.
May 3, 2006.
Rehearing Denied May 24, 2006.
*289 Julian R. Murray, Jr., Chehardy Sherman Ellis Breslin Murray & Recile, L.L.P., Metairie, Counsel for Plaintiff/Appellant, Karen Raiford.
Paul V. Kaulas, McVey & Parsky, LLC, Chicago, IL, Donald A. Hoffman, Mary Ann Wegmann, Hoffman Seydel LLC, New Orleans, Counsel for Defendants/Appellees, Ames Lawn & Garden Tools and National Union Insurance Company.
(Court Composed of Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS, Sr., Judge LEON A. CANNIZZARO, Jr.)
LEON A. CANNIZZARO, JR., Judge.
The plaintiff, Karen Raiford, is appealing a judgment by the trial court against her and in favor of the defendants, Ames Lawn & Garden Tools and its insurer, National Union Insurance Company. She is also appealing a judgment denying her motion for a new trial that would have allowed her the opportunity to conduct discovery regarding an item of evidence that was unknown to Ms. Raiford until it was introduced into evidence by Ames on the second day of the trial.

STATEMENT OF FACTS AND PROCEDURAL HISTORY
Ms. Raiford was planting a rose garden along the side of a house belonging to her fiancé, Evangelist King. Ms. Raiford was using a shovel that had been purchased from Rockery Ace Hardware. The shovel was manufactured by Ames. As she was pushing the blade of the shovel into the ground with her foot, the shovel broke without warning, causing Ms. Raiford to fall forward. Ms. Raiford used her hands in an attempt to break her fall, and as a *290 result, she injured her hands and wrists when she fell on a cement driveway adjacent to the area where she was gardening.
After the fall, Mr. King took Ms. Raiford to a hospital emergency room where she was treated for pain in her wrists, hands, and back. Ms. Raiford never completely recovered from her injuries. Seven years after her fall, she had surgery on her hands to alleviate the bilateral carpal tunnel syndrome[1] that she claimed was a consequence of her fall. She also suffered from herniated disks in her lumbar spine,[2] and she further contended that they were a result of the fall.
A few days prior to Ms. Raiford's fall, Mr. Kings' son, Jason, was digging in the same garden in which Ms. Raiford was working when she fell. Jason was using a new shovel that had been purchased from Rockery, and as he was using the shovel, it broke at the point where the wooden handle on the shovel entered the blade of the shovel. Ms. Raiford returned to Rockery the shovel that had broken while Jason was using it, and she was given a new shovel that was the same model as the broken shovel. The replacement shovel that was given to Ms. Raiford was the one that subsequently broke while Ms. Raiford was using it, causing her to fall.
Mr. King testified that he reported to Rockery's owner that the replacement shovel had broken and had caused Ms. Raiford to fall and injure herself. When the storeowner offered to replace the second broken shovel with another shovel of the same model, Mr. King said that he refused to take the shovel, because two shovels of the same model had already broken while they were being used. Therefore, the storeowner gave Mr. King a replacement shovel with a fiberglass, rather than a wooden, handle. Mr. King testified that he did not return the second broken shovel to Rockery. Instead, he kept the shovel, and he ultimately gave it to the attorney, who was originally representing Ms. Raiford in the instant case. When Ms. Raiford's current attorney assumed Ms. Raiford's representation in this matter, her previous attorney gave the shovel to her current attorney, who, in turn, gave it to the expert witness who testified on Ms. Raiford's behalf at the trial. That shovel was introduced into evidence on the first day of the trial as Plaintiff's Exhibit 29.
On the second day of the trial, however, the identity of the shovel that had broken while Ms. Raiford was using it was called into question. During the evening after the first day of the trial, one of the attorneys for Ames and its insurer had received a telephone call from the wife of Rockery's owner. In that telephone call, she told the attorney that she and her husband had possession of the shovel that Ms. Raiford was using when she was injured. That shovel had allegedly been in the possession of the storeowner since shortly after Ms. Raiford's accident, and it was introduced into evidence on the second day of the trial as Defense Exhibit 31.
Also on the second day of the trial, an employee of Rockery testified that he had thrown away the first shovel that had been returned to Rockery after the shovel had broken while it was being used by Jason *291 King. He also asserted that Ms. Raiford had returned the shovel that broke while she was using it to Rockery and that Defense Exhibit 31 was the shovel that had been returned. The employee also testified that after Ms. Raiford returned the shovel that broke while she was using it, "we stuck it upstairs and left it in the warehouse and it just sat there and [was] kind of like forgotten until this came up."
At the conclusion of the trial, the trial court judge found that Ms. Raiford had not proven that the shovel that she was using was defective. Therefore, the trial court rendered judgment in favor of Ames and its insurer. Ms. Raiford then filed a motion for a new trial on the limited issue of the identification of the shovels that were introduced into evidence. Ms. Raiford contends that she did not have an opportunity to have an expert examine Defense Exhibit 31 and that she should have had such an opportunity. The trial court denied Ms. Raiford's motion for a new trial.

DISCUSSION
Ms. Raiford has raised two assignments of error. First, she contends that the trial court erred in admitting Defense Exhibit 31 into evidence. Second, she contends that it was manifest error for the trial court judge to accept the testimony of the Rockery employee as credible.

Assignment of Error No. 1: The court erred in admitting crucial evidence only discovered by the defense on the second day of the trial notwithstanding the fact that discovery relating to the defendants had been pending eight years.
When Ames sought to introduce into evidence on the second day of trial the shovel that had until that time allegedly been in the possession of Rockery, Ms. Raiford objected to its introduction. Nevertheless, the second shovel was introduced into evidence over her objection.

Admissibility of Newly Discovered Evidence
La. C.E. art. 403 provides for the exclusion of relevant evidence in certain cases. Article 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time." Thus, in the instant case Defense Exhibit 31 could have been excluded from evidence if its probative value were substantially outweighed by the danger that it would unfairly prejudice the trier of fact in this case.
In Williams v. General Motors Corp., 93-0287 (La.App. 4 Cir. 2/11/94), 639 So.2d 275, this Court held on rehearing that it was impermissible for the trial court to allow expert testimony to advance a theory of causation at trial that differed from the theory of causation upon which all of the pretrial discovery had been based. In Judge Ward's dissent, which became the basis for this Court's opinion on rehearing, he stated:
The trial court either should have excluded the expert's testimony because it was not disclosed prior to trial or should have granted a mistrial. The failure to identify this new theory in advance of trial unfairly deprived the defendant of the ability to respond in a timely and prepared manner. . . . It is unconscionable and inappropriate to force a party to engage in pre-trial preparation, discovery and investigation of a new theory of recovery during a trial.
639 So.2d at 286 (Ward, J., dissenting).
Unlike the Williams case, however, the instant case was tried before a judge rather than before a jury. A trial judge, unlike a jury, is well versed in the rules of evidence, and is, therefore, trained to give *292 the appropriate weight to evidence and to evaluate evidence without bias. Additionally, because of the training and experience a trial judge has, a trial judge is in a far better position than a jury to disregard, and not consider, evidence that has been improperly admitted at a trial.
In Mistich v. Volkswagen of Germany, Inc., 95-0939 (La.1/29/96), 666 So.2d 1073, the Louisiana Supreme Court stated that "[t]rial judges are allowed much discretion in determining whether or not to allow a person whose location is unknown during the pendency of trial and who appears shortly before trial to testify." 666 So.2d at 1079. Similarly, trial judges should be allowed discretion in determining whether or not to allow the introduction of evidence that is newly discovered during a trial, provided that the provisions of La. C.E. art. 403 are followed.
Ms. Raiford contends that her credibility was damaged by the introduction of Defense Exhibit 31 into evidence and by the testimony regarding the shovel. She argues that the trial court judge found that Defense Exhibit 31, not the shovel introduced into evidence by Ms. Raiford as Plaintiff's Exhibit 29, was the shovel that she was using when she fell. Therefore, Ms. Raiford believes that her credibility was unfairly brought into question and, as a result, the trial court judge did not believe her testimony. We note, however, that the trial court judge did not determine which shovel Ms. Raiford was using when she fell. Specifically, the trial court judge stated in the Reasons for Judgment that "[b]ecause of the dispute as to what shovel caused this accident, the Court finds it impossible under the circumstances of this case to prove that the shovel was defective and unreasonably dangerous." (Emphasis added.) The trial court judge expressly stated that she did not know which shovel caused the accident.
Nevertheless, the trial court judge also said in her Reasons for Judgment that "even if the Court were to find that the shovel introduced by Ms. Raiford caused her accident, the expert testimony of Dr. Lyon outweighs that of Mr. Gernon considering his qualifications and the facts upon which he based his opinion." Thus, the trial court judge determined that it did not matter which shovel Ms. Raiford was using when she fell. Ms. Raiford failed to prove that the shovel that she identified at the trial as the shovel that she was using, Plaintiff's Exhibit 29, was defective.

Doctrine of Res Ipsa Loquitur
Ms. Raiford argues that she should be entitled to rely on the doctrine of res ipsa loquitur to prove that the shovel that she was using was defective. The Louisiana Supreme Court discussed the doctrine of res ipsa loquitur as follows in Spott v. Otis Elevator Co., 91-2522 (La.6/18/92), 601 So.2d 1355:
Res ipsa loquitur, as "a qualification of the general rule that negligence is not to be presumed," must be sparingly applied. Generally, it obtains when three requirements are met: 1) the circumstances surrounding the accident are so unusual that, in the absence of other pertinent evidence, there is an inference of negligence on the part of the defendant; 2) the defendant had exclusive control over the thing causing the injury; and 3) the circumstances are such that the only reasonable and fair conclusion is that the accident was due to a breach of duty on defendant's part. The second requirement, that the defendant have exclusive control over the thing, has not, in our jurisprudence, been strictly applied. Indeed, it is satisfied if the circumstances indicate that it is more probable than not that the defendant *293 caused the accident and other plausible explanations do not appear to be the probable cause of the accident.
601 So.2d at 1362 (citations omitted).
Although the doctrine of res ipsa loquitur may have been properly invoked in the instant case, the trial judge determined that Ames sufficiently rebutted any presumption of negligence through the testimony of its expert witness. Ames' expert testified that based on the direction of the broken fibers in the handle of Plaintiff's Exhibit 29 and tests on the strength of shovel handles made of ash wood, the handle of Plaintiff's Exhibit 29 broke, not because it was defective but rather because the handle was overstressed in a forward motion. Ames' expert opined that this could have occurred if Ms. Raiford had fallen onto the handle of the shovel as she fell onto the adjacent driveway from the area where she was gardening.

Standard of Review
In Rosell v. ESCO, 549 So.2d 840 (La. 1989), the Louisiana Supreme Court stated that it is well settled that an appellate court may set aside a factual finding of a trial court only where the finding was based on a "manifest error" or was "clearly wrong". Id. at 844. Further, where there is conflict in the testimony, a trial court's reasonable evaluations of credibility and reasonable inference of fact should not be disturbed on appeal, even though the appellate court may feel that its own evaluations and inferences are as reasonable as those of the trial court or jury. Id. Finally, where there are two permissible views of the evidence, the trial court's choice between them cannot be manifestly erroneous or clearly wrong. Id. See also Harvey v. Cole, 00-1849 (La.App. 4 Cir. 1/23/02), 808 So.2d 771, 776.
In LeBlanc v. Stevenson, 00-0157 (La.10/17/00), 770 So.2d 766, 770, however, the Louisiana Supreme Court stated that "[a]lthough the appellate court must accord deference to the trial court, it is cognizant of our constitutional duty to review facts, not to decide if it, as a reviewing court, would have found the facts differently, but to determine whether the trial court's verdict was manifestly erroneous, clearly wrong based on the evidence, or clearly without evidentiary support." A trial court's factual finding may not be reversed unless (1) the record reflects that a reasonable factual basis for the finding does not exist, or (2) the record establishes that the finding is clearly wrong or manifestly erroneous. Id.
After reviewing the evidence presented by both Ms. Raiford and Ames, we do not find that the trial court's factual determination that Plaintiff's Exhibit 29 was not defective was clearly wrong, was manifestly erroneous, or was without any supporting evidence. Therefore, under the Rosell and the LeBlanc cases, we must accept the trial judge's factual finding that, based on the testimony of Ames' expert, Plaintiff's Exhibit 29 did not have a manufacturing defect.
Although the doctrine of res ipsa loquitur could have shifted the burden of proof from Ms. Raiford to Ames, Ms. Raiford is still not entitled to judgment in her favor, because the trial court found that Ames met its burden of proving that Plaintiff's Exhibit 29 was not defective. Because the trial court's decision was based on factual findings that were not manifestly erroneous or clearly wrong, the trial court's factual findings cannot be disturbed by this Court.

Grounds for New Trial
La. C.C.P. art. 1971 provides that a new trial may be granted after a contradictory motion of any party or by the court on its own motion on all or any part of the issues *294 in the original trial. La. C.C.P. art. 1972 provides in relevant part that "[w]hen the verdict or judgment appears clearly contrary to the law and the evidence," a new trial must be granted. La. C.C.P. art 1973 additionally permits a new trial to be granted if there is any "good ground" for a new trial except to the extent that the law provides otherwise.
La. C.C.P. art. 1972 does not apply to the instant case. We have determined that the judgment of the trial court was not clearly contrary to the law and the evidence. The trial court judge could have granted a new trial pursuant to La. C.C.P. art. 1973, however.
This Court has set forth as follows the standard of review that this Court should use in determining whether a trial court judge has erred in denying a motion for a new trial:
The jurisprudence recognizes the trial judge's great discretion in deciding a motion for new trial and, on appeal, the appellate court is limited to a determination of whether a trial judge abused his "much discretion" in granting or denying a new trial. Zatarain v. WDSU-Television, 95-2600 (La.App. 4 Cir. 4/24/96), 673 So.2d 1181.
In re New Orleans Train Car Leakage Fire Litigation, 00-1919 (4/20/05), 903 So.2d 9, 15, writ denied, 05-1297 (La.2/3/06), 922 So.2d 1171. In the instant case, we do not find that the trial court abused her discretion in denying Ms. Raiford's motion for a new trial.

Summary
It is within the trial court judge's discretion to permit the introduction of evidence at a trial. We need not determine, however, whether the trial court judge abused her discretion in allowing Ames to introduce Defense Exhibit 31 into evidence, because she specifically found that Plaintiff's Exhibit 29 was not defective. Thus, any error in admitting Defense Exhibit 31 into evidence was a harmless error. Ms. Raiford's first assignment of error is without merit.

Assignment of Error No. 2: The trial court committed manifest error in crediting as true the testimony of the defense witness that identified Defense Exhibit 31 when all of the objective and corroborating evidence indicated that he was wrong.
The trial court judge clearly stated in her Reasons for Judgment that she did not find that Plaintiff's Exhibit 29 was defective. She based her conclusion on the expert witness testimony at the trial. Therefore, whether or not the trial court judge found the Rockery employee's testimony to be credible is irrelevant. The trial judge's determination that Ms. Raiford had not met her burden of proof with respect to the shovel that she identified as the one involved in her fall did not depend on the credibility or the lack of credibility of either Ms. Raiford or the employee. The trial court judge based her judgment on the factual testimony of Ames' expert witness in wood science.
Additionally, this Court must accord great deference to a trial court's determinations of credibility. In the Rosell case, discussed above, the Supreme Court stated that "[w]hen findings are based on determinations regarding the credibility of witnesses, the manifest errorclearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said." Rosell, 549 So.2d at 844.
In the instant case, the trial court judge did not base her judgment on the Rockery *295 employee's testimony. She based it on the testimony of Ames' expert witness. Additionally, even if she had based her judgment on the employee's testimony, we would have to accord her evaluation of the credibility of his testimony great deference. This assignment of error is without merit.

CONCLUSION
We find no reversible error in the trial court's judgment. The judgment is affirmed.
AFFIRMED.
JONES, J., dissents with reasons.
JONES, J., Dissenting.
This case presents a classic example of a plaintiff being denied fundamental justice, and the majority herein find no error with her plight.
The very tool with which she was injured was surreptitiously withheld from her until trial had commenced; no expert testing thereof; and yet, the district court found that plaintiff did not prove her case. And, in fact, the district court chose to adopt the expert testimony of an expert who also tested the wrong tool. Go figure.
I, therefore, respectfully dissent.
NOTES
[1] Carpal tunnel syndrome is a disorder that causes numbness in the hand and pain in the wrist due to compression of a nerve that runs down the arm to the fingers.
[2] Spinal disks consist of cartilage filled with a gelatinous substance, and they cushion the bones of the spinal column. A herniated lumbar disk is a condition in which the gelatinous substance of a disk that is located in the lower back is forced through a weakened part of the disk, irritating the nerve root.